UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| MOHAMED ABDI,<br><br>    Plaintiff,<br><br>v.<br><br>ALLIED MEDIA CORP., and<br>SONY CORPORATION OF AMERICA,<br><br>    Defendants. | Civil No. 12-883 (JNE/AJB)<br><br><br>**REPORT AND RECOMMENDATION** |

This matter is before the undersigned United States Magistrate Judge on Plaintiff's application for leave to proceed in forma pauperis, ("IFP"), pursuant to 28 U.S.C. § 1915(a)(1). (Docket No. 2.)  The matter has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1.  For the reasons discussed below, the Court will recommend that Plaintiff's IFP application be denied, and that this action be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

**I. BACKGROUND**

Plaintiff is attempting to sue the named Defendants Allied Media Corp. and Sony Corporation of America, for allegedly violating his rights under "the Privacy Act," 5 U.S.C. §§ 552a et seq.[1]  As far as the Court can tell, Plaintiff is claiming that he created some type of videotape program that Defendants allegedly misappropriated and misused.  In truth, however, it is impossible to determine what Plaintiff is really claiming, because most of his

---

[1] The Privacy Act generally restricts the collection and dissemination of information by federal governmental agencies.  It appears, however, that both of the named Defendants in this case are private corporations – not governmental agencies.  It is therefore unclear why Plaintiff believes he could sue Defendants under the Privacy Act.

complaint is simply incomprehensible.

## II. DISCUSSION

An IFP application will be denied, and the action will be dismissed, if the plaintiff has filed a complaint that is frivolous. 28 U.S.C. § 1915(e)(2)(B)(i).

A pleading is legally frivolous, and therefore subject to dismissal under § 1915(e)(2)(B)(i), "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). See also Denton v. Hernandez, 504 U.S. 25, 32-33 (1992). The Supreme Court has held that federal courts, acting sua sponte, should not dismiss an action commenced by an IFP applicant, if the facts alleged in the applicant's pleading are merely "unlikely." Denton, 504 U.S. at 33. However, an IFP action can properly be dismissed, sua sponte, if the plaintiff's allegations are found to be "fanciful," "fantastic," or "delusional," or if they "rise to the level of the irrational or the wholly incredible." Id., citing Neitzke, 490 U.S. at 325, 328.

In this case, it is readily apparent that Plaintiff's complaint "rise[s] to the level of the irrational," and it is therefore legally frivolous. Viewing the complaint in its entirety, it is clear that Plaintiff's current lawsuit is grounded wholly on delusions. The Court will therefore recommend that Plaintiff's IFP application be denied, and that this action be summarily dismissed, pursuant to § 1915(e)(2)(B)(i).[2]

---

[2] The complaint in this case bears a disturbing resemblance to the pleadings filed in four other recent lawsuits – Badel v. Time Warner, Inc., No. 12-453 (DSD/JJG); Badel v. Intel Corporation, No. 12-405 (ADM/JSM); Badel v. Sony Corporation of America, No. 12-581 (PJS/TNL); Badel v. Viacom, Inc., No. 12-640 (RHK/JJK). It is also noteworthy that the address of the Plaintiff in this case is the same as the address of the plaintiff in those other four cases.

## III.     RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1.  Plaintiff's application for leave to proceed in forma pauperis, (Docket No. 2), be DENIED; and

2.  This action be summarily DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

Dated: April 16, 2012

    s/ Arthur J. Boylan
ARTHUR J. BOYLAN
Chief United States Magistrate Judge

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.  This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals.  Written objections must be filed with the Court before April 30, 2012.